INGRAM, administrator, v. YOUNG *et al.*, administrators, appellants.

*Bailment — loss of deposit — Agency.*

A having died, B took funds belonging to the estate, with the widow's consent, and invested them in bonds, which he deposited in a bank, and the widow subsequently drew the interest on the bonds. The bonds were stolen from the bank, and the widow having been appointed administratrix of her husband's estate, brought a claim against the administrators of the estate of B, who had died, for the value of the bonds. *Held*, that the claim could not be allowed for the reason that B was plaintiff's agent, and was not chargeable either with negligence or conversion of the bonds, and plaintiff adopted his acts in reference to the bonds.

APPEAL from a judgment entered on the report of a referee in favor of plaintiff. William Ingram, of Orange county, died intestate, July 16, 1864, leaving a widow and two infant children; and Eliza Ingram, the widow, was subsequently appointed administratrix of his estate. Oliver Young died in October, 1871, and Amos Van Etten and Lydia F. Young were duly appointed administrators.

In July, 1872, Eliza Ingram, as administratrix, made a claim on the estate of Oliver Young, deceased, for $700. The claim was refused, and the case was referred. The remaining facts appear in the opinion. The referee found in favor of the plaintiff, and defendants appealed to this court.

*Groo & Wiggins,* for appellant.

*Lewis E. Carr,* for respondent.

TAPPEN, J. The referee has found that Oliver Young was a *wrong-doer* in taking from the plaintiff certain property, money and securities of William Ingram, deceased, to the value of $700. 3 R. S. (5th ed.), 168. And the plaintiff has recovered judgment.

The facts disclosed by the testimony show, that immediately on William Ingram's death, Oliver Young, who was the widow's uncle, went to the house, and learning of the money and securities, told her they were not safe in the house, and suggested to her that they ought to be put in the bank.

The cash amounted to $625, and two bank certificates of deposit, amounting to $300. Young took the money and certificates, apparently with the widow's consent. Sometime afterward $700 of that money was invested by Young in government bonds which were deposited by him in the Port Jervis bank for safe-keeping; the plaintiff going there regularly, half-yearly, and drawing the interest. She received the remainder of the money which was applied to debts and expenses. One witness says, I understood from Mrs. Ingram that *she* had drawn it out and used it.

The Port Jervis bank was robbed of these and other securities by burglars, and the property stolen has never been recovered.

The death of Ingram and the taking and investing of the property were in the year 1865. The property was stolen from the bank in the year 1869, and the plaintiff's letters of administration were obtained and this claim made in 1872. No intent of Young to appropriate this property to his own use is alleged or shown. The plaintiff knew the bonds were in the bank, and made no demand at any time therefor; nor was there shown to be any impediment placed in her way in any effort she might have made to obtain possession of them.

Although, at the time the property was placed in Young's hands, Mrs. Ingram was not administratrix, yet the letters of administra-

tion afterward granted to her dated back to the time of the intestate's death. *Priest* v. *Watkins*, 2 Hill, 225.

The claim to recover $700 of Young's estate cannot prevail, because: 1. He was the plaintiff's agent, and was not chargeable on the testimony either with neglect or conversion in respect to the property; 2. The plaintiff adopted and ratified his act of investment of the money, and deposit of the bonds.

The judgment should be reversed and a new trial ordered before another referee or at circuit.

*Judgment reversed and new trial granted.*